**ERIN E. BERRY, #7-6063**
**JACOB L. VOGT, #8-6891**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
eberry@hirstapplegate.com
jvogt@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| AMYNTAS HINCKLEY, | } | |
| Plaintiff, | } | |
| vs. | } | Civil No. 25-CV-_____ |
| THE UNIVERSITY OF WYOMING, | } | |
| Defendant. | } | |

## *PETITION AND NOTICE OF REMOVAL*

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, The University of Wyoming ("Petitioner") petitions for removal of this action from the District Court of the Ninth Judicial District of the State of Wyoming to the United States District Court for the District of Wyoming. In support thereof, Petitioner states the following:

### INTRODUCTION

1.      This lawsuit, filed by Plaintiff Amyntas Hinckley ("Plaintiff") against Petitioner, asserts claims related to Plaintiff's prior employment with Petitioner. Plaintiff claims

she is entitled to damages for lost wages and benefits, emotional distress, punitive damages, and damages for therapy, career rehabilitation, and related expenses.

## STATE COURT CIVIL ACTION NO. 2024-CV-36340

2.      On November 22, 2024, Plaintiff filed a Charge of Discrimination with the EEOC. On December 5, 2024, the EEOC responded with its Determination and Notice of Rights, determining it would not proceed with its investigation and informing Plaintiff of her right to sue.

3.      On December 11, 2024, Plaintiff filed an action against Petitioner in the District Court of the Second Judicial District of the State of Wyoming in and for Albany County, entitled *Amyntas Hinckley, Plaintiff, vs. The University of Wyoming, Defendant,* Civil No. 2024-CV-36340 (hereinafter the "State Court Action").

4.      Petitioner was served with the Summons and Complaint on December 18, 2024. No further proceedings have been held therein.

5.      Plaintiff asserts the following causes of action against Petitioner: (1) Retaliation; (2) Sex-Based Discrimination; (3) Hostile Work Environment; (4) Fraud; and, potentially, (5) Emotional Distress. Plaintiff seeks relief in the form of monetary damages, reinstatement of employment or front pay, injunctive relief requiring Petitioner implement training on discrimination, retaliation, emotional intelligence, and freedom of expression, transparent performance reviews, and a clear grievance procedure. Plaintiff also requests reasonable attorney fees and other relief the Court deems just and proper.

## PROCEDURAL REQUIREMENTS

6.      This Petition and Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Petitioner's receipt of the Summons and Complaint.

7.      This action is properly removed to this Court because the State Court Action is pending within this district. *See* 28 U.S.C. § 1441.

8.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file of record with the court in the State Court Action.

9.      Simultaneously, and with the filing of this Petition and Notice of Removal, Petitioner is filing a copy of the Petition and Notice of Removal in the Second Judicial District Court of Albany County, Wyoming, pursuant to 28 U.S.C § 1446(d).

## JURISDICTION

10.      When there are federal questions in a lawsuit arising under the Constitution, laws, or treaties of the United States, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a).

11.      Plaintiff brings her claims for sex-based discrimination and retaliation under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, establishing federal question jurisdiction. *Complaint* at ¶¶ 7, 34.

12.      Where a court has jurisdiction over federal questions, the court may exercise jurisdiction over state law questions and determine all issues presented to it. 28 U.S.C. § 1441; *Roux v. Lovelace Health Sys.*, 947 F.Supp. 1534, 1537 (D.N.M. 1996).

HIRST APPLEGATE, LLP          – 3 –
    LAW OFFICES
    P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

13.     Plaintiff's *Complaint* asserts both federal and state law claims. This Court has jurisdiction over the federal law claims and may exercise jurisdiction over the state law claims. Here, in the interest of judicial economy, this Court may determine all claims brought in Plaintiff's *Complaint*.

14.     Plaintiff's claims are based in alleged discriminatory conduct brought under federal law and therefore the federal claims predominate the state law claims, making supplemental jurisdiction proper.

15.     Pursuant to the Wyoming Governmental Claims Act, and any other applicable immunities, Petitioner in no way intends to waive or is otherwise waiving immunity from liability regarding Plaintiff's state law claims. *Trant v. Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014); *see also Garcia v. Martinez*, 414 F.Supp.3d 1348, 1356 (D.N.M. 2019) (holding, under *Trant*, a governmental entity does not waive an immunity defense where that defense is based in immunity from liability rather than immunity from suit).

**WHEREFORE** Petitioner prays that the above action now pending against it in the District Court of the Second Judicial District of the State of Wyoming in and for Albany County be removed therefrom to this Court.

Dated: 7 January 2025.

THE UNIVERSITY OF WYOMING, Defendant

BY: _____

**ERIN E. BERRY, #7-6063**
**JACOB L. VOGT, #8-6891**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
eberry@hirstapplegate.com
jvogt@hirstapplegate.com

### *CERTIFICATE OF SERVICE*

I certify the foregoing ***Petition and Notice of Removal*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 7 January 2025, and that copies were served as follows:

Amyntas Hinckley, Pro Se
2353 N. 9th St., A101
Laramie, WY 82072
*Plaintiff*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

_____
OF HIRST APPLEGATE, LLP
Attorneys for Defendant

# EXHIBIT A

**Summons**

**Court Name:** District Court of the 2nd Judicial District, Albany County, Wyoming

**Case Name:** Amyntas Hinckley, Plaintiff, vs. The University of Wyoming, Defendant

**Case Number:** 2024-CV-36340

---

**To: The University of Wyoming**
Office of General Counsel & Office of the President,

University of Wyoming,

1000 East University Avenue,

Laramie, WY, 82071,

Old Main Rm 204

*You are hereby summoned and required to serve upon the plaintiff*

**Name:** Amyntas Hinckley
**Address:** 2353 N. 9th St. A101, Laramie, WY 82072
**Phone Number:** 307-760-5514

*an answer to the complaint which is served upon you with this summons*, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

Take notice that this action is subject to the **statute of limitations** for civil claims in the State of Wyoming and Albany County. You are advised to consult applicable law and respond promptly.

---

**Notice of Default Judgment**

Failure to appear and defend in this action will result in a default judgment being entered against you for the relief demanded in the complaint. Your response must be filed with the Clerk of Court at the following address:

**Clerk of Court**
Albany County Courthouse, 525 Grand Avenue, Suite 305, Laramie, Wyoming 82070

---

1

**Issued by:**

**Clerk of Court** ~~Stacy Lam~~ by ~~(signature)~~
(Signature of Clerk)

**Date Issued:** _13 Dec 2024_

Court Seal:

THE DISTRICT COURT
ALBANY COUNTY
WYOMING

IN THE STATE OF WYOMING,

COUNTY OF ALBANY,

**CIVIL ACTION**
**Case No.:** 2024-CV-36340

IN THE DISTRICT COURT

2ND JUDICIAL DISTRICT

**AMYNTAS HINCKLEY,** Plaintiff/Petitioner,

VS.

**UNIVERSITY OF WYOMING,** Defendant/Respondent.

FILED IN THE DISTRICT COURT
OF ALBANY COUNTY, WYOMING

DEC 11 2024

STACY LAM, CLERK OF DISTRICT COURT
_____ DEPUTY

**COMPLAINT**

**COMES NOW,** the Plaintiff, Amyntas Hinckley, representing herself Pro Se, and alleges as follows:

## I. PARTIES

1. Plaintiff, Amyntas Hinckley, is a resident of 2353 North 9th Street A101, Laramie, Wyoming, and a former employee of the Defendant.
2. Defendant, University of Wyoming, is a public university located in Laramie, Wyoming, and is subject to applicable federal and state employment laws.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Wyoming Statute § 5-3-101 and the Wyoming Governmental Claims Act (§ 1-39-101 et seq.), as the University of Wyoming is a governmental entity, and the events giving rise to this complaint occurred in Albany County, Wyoming.
4. Venue is proper in this Court as the events giving rise to the claims occurred in Laramie, Wyoming, and Defendant operates within this jurisdiction.

1

## III. FACTUAL ALLEGATIONS

### Background

5. Plaintiff was hired by the University of Wyoming on October 2, 2023, as a Marketing and Communications Specialist, splitting duties between Institutional Marketing and the College of Business.
6. Plaintiff's performance was satisfactory during her tenure, as evidenced by meeting or exceeding project goals, including delivering record-breaking results for the Giving Day Campaign.

### Sex-Based Discrimination

7. Plaintiff was subjected to discriminatory treatment during her employment in violation of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.
8. A male peer in the same role, J.T. Cattelan, was paid a higher salary for equivalent work and was given preferential treatment, including directives to Plaintiff to report to him as a superior.
9. Upon requesting a salary increase to align with her male counterpart, Plaintiff's request was denied, with Defendant citing HR restrictions.
10. When Mr. Cattelan went on paternity leave from the middle of June to the end of July, Plaintiff was expected to assume his workload without additional compensation or guidance. During this time, Plaintiff was reprimanded for missing a newsletter deadline by two days, while Mr. Cattelan had missed deadlines in March and October without facing similar consequences, highlighting unequal treatment by the same supervisor.
11. During her employment, Plaintiff overheard multiple conversations between J.T. Cattelan and other employees at the College of Business, in which Mr. Cattelan expressed reluctance to promote women in business at the College of Business.
12. Plaintiff was reprimanded for highlighting a controversial female speaker in social media posts, despite the speaker's relevance to the business community.
13. In another instance, Plaintiff was questioned by Mr. Cattelan about why the Women in Business Club was given prominent placement in a video, even though the Economics Club, was featured equally.
14. Plaintiff was also instructed not to promote events organized around Women in Business, such as one led by Josie Voight in June of 2024.
15. Such comments and actions by Mr. Cattelan and others fostered an environment of unequal treatment and undermined Plaintiff's efforts to perform her role effectively.

### Retaliation and Hostile Work Environment

16. Plaintiff experienced retaliation after raising concerns about unequal treatment and the hostile work environment.
17. On September 7, 2024, Plaintiff returned to work after taking bereavement leave due to the sudden death of her partner. Plaintiff was issued a warning letter falsely alleging performance deficiencies.

2

18. Plaintiff attempted to present evidence disproving the claims but was denied the opportunity by her supervisors and HR representatives.

19. Defendant extended Plaintiff's probationary period by one month on October 1, 2024, despite a lack of valid justification. Plaintiff was threatened with termination if she failed to meet specific fundraising goals for the Giving Day Campaign.

20. Plaintiff successfully delivered a record number of donors for the campaign but was terminated on October 25, 2024, immediately after Giving Day, under the pretext of sending an unauthorized video, despite evidence showing prior approval for its release.

**Retaliation for Participation in Freedom of Expression**

21. In the spring of 2024 and Fall of 2024, Plaintiff participated in a Community of Principles group at the University of Wyoming, which the university represented as a forum for open and protected dialogue to ultimately promote Freedom of Expression at the University of Wyoming.

22. Plaintiff was later interrogated by a senior administrator regarding her presence at a celebratory event in October and was terminated shortly thereafter, despite record-setting performance on the Giving Day Campaign.

23. The timing of Plaintiff's termination, coupled with her participation in the Freedom of Expression group, demonstrates retaliatory intent and undermines the university's stated commitment to protecting freedom of expression.

**Fraud and Unemployment Discrepancies**

24. Defendant provided false information to the Wyoming Unemployment Office, alleging Plaintiff left work early on October 14, 2024, without notifying her supervisors. This false statement has unjustly barred Plaintiff from receiving unemployment compensation.

25. Defendant's actions reflect a pattern of fraudulent behavior and bad faith.

26. Defendant fraudulently represented the Freedom of Expression group as a forum for open and protected dialogue, encouraging employees like Plaintiff to speak up without fear of retaliation. However, Defendant's retaliatory actions following Plaintiff's participation reveal that this representation was false and made in bad faith.

**Substantiating Facts**

27. Plaintiff repeatedly sought feedback on her work and performance from multiple parties, including J.T. Cattelan; the Assistant Dean, Ben Cook; her direct Supervisor, Justin Rowe inquiring about performance evaluations; and, other College of Business and Institutional Marketing administrators. Despite numerous attempts, Plaintiff received little to no constructive feedback.

28. J.T. Cattelan, the Marketing Manager, frequently admitted to lacking managerial experience and/or knowledge and relied on Plaintiff's patience as he navigated his role. He failed to manage workflow, provide direction, or set deadlines effectively.

29. Plaintiff heard reports from MBA students that the program lacked rigor and provided little additional value beyond an undergraduate degree. Plaintiff observed behavior in the MBA department indicative of a lack of transparency and professional knowledge.

3

30. J.T. Cattelan disclosed that the College of Business moved him into his position to buffer him from Institutional Marketing, citing mistrust between the departments. This mistrust created a contentious environment, and when Plaintiff raised concerns about it, she became the target of criticism from both sides.

31. Plaintiff's requests for feedback and inclusion in meetings were consistently ignored. The Marketing Manager and College of Business administrators withheld crucial information, further isolating Plaintiff and hindering her ability to succeed in her role.

32. Plaintiff's efforts to communicate with College of Business Deans, Senior administrators, and President Seidel following her termination were met with silence, reinforcing the lack of support and accountability within the institution.

33. Defendant's retaliatory actions culminated in Plaintiff's termination on the same day and after she met with EORR regarding a retaliation and discrimination claim.

## IV. CAUSES OF ACTION

### Count I: Retaliation

34. Defendant retaliated against Plaintiff for engaging in protected activities, including raising concerns about discrimination and opposing unfair treatment, in violation of Title VII.

### Count II: Sex-Based Discrimination

35. Defendant subjected Plaintiff to sex-based discrimination by compensating her less than her male counterpart for equivalent work and denying her opportunities for advancement.

### Count III: Hostile Work Environment

36. Defendant created and maintained a hostile work environment, which adversely affected Plaintiff's mental health and ability to perform her duties.

### Count IV: Fraud

37. Defendant knowingly misrepresented facts, including performance deficiencies and Plaintiff's actions, to justify adverse employment actions and deny unemployment benefits.

### Count V: Emotional Distress

38. Defendant's actions caused Plaintiff significant emotional distress, including anxiety, depression, and post-traumatic stress, requiring medical intervention.

4

## V. DAMAGES

39. As a result of Defendant's actions, Plaintiff has suffered:

a. Lost wages and benefits estimated at $322,650;

b. Emotional distress damages totaling $455,000;

c. Punitive damages for Defendant's malicious conduct in the amount of $2,000,000;

d. Special damages for therapy, career rehabilitation, and related expenses totaling $522,000.

40. Plaintiff seeks a total of $3,299,650 in damages.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

41. Enter judgment in favor of Plaintiff and against Defendant;
42. Award Plaintiff compensatory, emotional distress, punitive, and special damages as outlined;
43. Reinstate Plaintiff's employment or award front pay in lieu of reinstatement;
44. Request **injunctive relief** to compel the Defendant to implement specific workplace changes. For example:
    1. **Training on discrimination, retaliation, emotional intelligence and freedom of expression** for management and employees.
    2. **Transparent and fair performance review processes.**
    3. **A clear process for raising grievances without fear of retaliation.**
45. If reinstated, request that your role and reporting structure are revised to eliminate conflicts and ensure proper support.
46. Award Plaintiff reasonable attorney's fees and costs incurred in this action;
47. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Amyntas Hinckley**
**Pro Se Plaintiff**
**2353 N. 9th St. A101**
**Laramie, WY 82072**
**307-760-5514**
amyntashinckley@gmail.com

5

**Verification**

I, Amyntas Hinckley, declare under penalty of perjury under the laws of the United States of America and the State of Wyoming that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Dated:** December 11, 2024

**Signature:** _____

**Printed Name:** Amyntas Hinckley

6

STATE OF WYOMING               )                    IN THE DISTRICT COURT
                               ) ss
COUNTY OF _____      )          _____ JUDICIAL DISTRICT

Plaintiff:_____,)       Civil Action Case No. _____
         (Print name of person filing)   )
                                         )
vs.                                      )
                                         )
Defendant:_____. )
         (Spouse)   (Print name)

---

## ACKNOWLEDGEMENT AND ACCEPTANCE OF SERVICE

---

I, _____, hereby acknowledge receipt of a copy of the *Summons*,
         (Print Defendant's Name)
*Complaint*, and *Summons*, filed in this case.  In accepting service of process, I retain all defenses

or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based

on a defect in the *Summons* or in the service of the *Summons*.  I understand that I must answer or

otherwise plead within 20 days from this date (30 days if copies of the papers were received

outside of Wyoming) and that if I fail to file an answer or other pleadings with the Clerk of this

Court and serve the same upon the Plaintiff in accordance with the Wyoming Rules of Civil

Procedure within the time limits stated, I will be in default and Plaintiff may be afforded the

relief demanded in the *Complaint* without a trial or other hearing.

DATED this _____ day of _____, 20____.

_____
Defendant's Signature
Defendant's Phone Number: _____
Defendant's Address:  _____
Defendant's City/State/Zip Code:_____

Subscribed and sworn to before me on this _____ day of _____,
20_____.

WITNESS my hand and official seal.

_____
Notarial Officer

My Commission Expires:

*Acknowledgement and Acceptance of Service*
*Effective: July 1, 2023.*
*Page 1 of 2*

## CERTIFICATE OF SERVICE

I certify that on _____ (date) the original of this document was filed with the Clerk of District Court; and, a true and accurate copy of this document was served on the other party by ☐ Hand Delivery  OR ☐ Faxed to this number _____ OR ☐ by placing it in the United States mail, postage pre-paid, and addressed to the following:

(Print Plaintiff/Plaintiff's Attorney's Name and Address)

TO:  _____

_____

_____

_____
Your signature

_____
Print name

*Acknowledgement and Acceptance of Service*
*Effective: July 1, 2023.*
*Page 2 of 2*